United States District Court
Southern District of Texas
**ENTERED**
January 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK EUGENE ROBINSON, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-4181 |
| § | |
| ERNEST COKER, ET AL., § | |
| *Defendants.* § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, filed a form Complaint for Violation of Civil Rights (Non-Prisoner Complaint). ECF 1. Plaintiff has named as defendants two individuals he identifies as Judges in Harris County, Texas, Ernest Coker and Patricia Lykos. *Id.* at 2. Plaintiff alleges that state court criminal convictions rendered in Coker's and Lykos's courts violated his constitutional rights. *Id.* at 4. He seeks money damages and wants to be taken off parole. *Id.* at 3, 5. Plaintiff's Complaint, ostensibly filed pursuant to 42 U.S.C. § 1983, should be dismissed with prejudice.

The Court should dismiss Plaintiff's Complaint sua sponte because Plaintiff filed this case in forma pauperis pursuant to 28 U.S.C. § 1915. *See* Case No. 4:22-MC-01606. When a plaintiff proceeds under § 1915, the court "**shall dismiss the case at any time** if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit.").

Plaintiff's Complaint makes allegations about the "fact or duration" of his confinement, not about the conditions of his confinement.[1] Such claims are not actionable under 42 U.S.C. § 1983 and instead must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (explaining that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983"). Therefore, Plaintiff cannot state a claim under § 1983 and his Complaint is devoid of merit.

Moreover, Plaintiff has named as Defendants two state court judges. Plaintiff's only allegations against the Judges relate to deficiencies in his criminal proceedings. Judges have absolute immunity for damages arising out of the performance of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Therefore, Plaintiff cannot state a claim for damages against the Judges and his Complaint is devoid of merit for this additional reason.

Plaintiff has also filed a Motion for Appointment of Counsel. ECF 9. "No constitutional right to appointment of counsel exists in civil rights cases." *Stark v. TRT Holdings Dev. Inc.*, Civil Action No. C-08-88, 2008 WL 11389037, at *1 (S.D. Tex. May 28, 2008). A plaintiff proceeding in forma pauperis under 28 U.S.C. § 1915, as here, must show "exceptional circumstances" to warrant appointment of counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Because the Court has determined that Plaintiff's claims are devoid of merit, his request for appointment of counsel is DENIED.

---

[1] Plaintiff's references to the lack of Black people on his jury and the lack of evidence to support his conviction indicate he is challenging his conviction or the sentence imposed, which are cognizable under § 2254, not the execution of his sentence, which is cognizable under § 2241. *See Miller v. Stephens*, No. 2:14-CV-0103, 2017 WL 3142402, at *4 (N.D. Tex. June 15, 2017), report and recommendation adopted, No. 2:14-CV-0103, 2017 WL 3130330 (N.D. Tex. July 21, 2017) (discussing the distinctions between §§ 2241, 2254, and 2255). The distinctions between habeas statutory claims is irrelevant here, however, as it is clear Plaintiff's claims against these defendants are not cognizable under § 1983.

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Complaint for Violation of Civil Rights (Non-Prisoner Complaint) be DISMISSED WITH PREJUDICE. Because of this recommendation, the Court further RECOMMENDS that Plaintiff's Motion for an Evidentiary Hearing and Spears Hearing (ECF 3) be DENIED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 26, 2023, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge